UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DAFENG HENGWEI TEXTILE CO., LTD.,

                Plaintiff,  **REPORT,
    RECOMMENDATION,**
- v -  **AND ORDER**

ACECO INDUSTRIAL & COMMERCIAL  CV-13-5829 (MKB)(VVP)
CORPORATION, et al.,

                Defendants.
------------------------------------------------------------x

Rockaway Associates, a partnership which is not a party in this action, has moved for various forms of relief related to a prejudgment attachment of one of its assets levied by the plaintiff. Specifically, Rockaway seeks (1) to vacate the attachment, (2) to quash a subpoena served on one of its banks, (3) an order requiring the plaintiff to participate in a conference with Rockaway and its bank as a precondition for a proposed motion for a protective order, and (4) sanctions against the plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure. The rulings below on the motions to vacate the attachment and for Rule 11 sanctions are in the form of a report and recommendation;[1] the motions to quash and to compel a conference, being non-dispositive, are decided by my order.

---

[1] A motion for an order of attachment arguably involves injunctive relief, which is specifically excluded from the authority of a magistrate judge to determine. 28 U.S.C. § 636(b)(1)(A). As for the motion under Rule 11, although the Second Circuit has not definitively ruled on the question whether magistrate judges have the authority to order sanctions under Rule 11, *see Kiobel v. Millson*, 592 F.3d 78, 79 (2d Cir. 2010), prudence suggests that I should take a cautious approach and issue a report and recommendation rather than an order on that motion.

## BACKGROUND

The plaintiff Dafeng Hengwei Textile Co., Ltd. has brought this action to recover payment for goods sold and delivered to the corporate defendants Aceco Industrial & Commercial Corporation and Aceco, Inc. (collectively "Aceco").[2] In addition to the corporate defendants, the plaintiff has sued the two individual shareholders of Aceco, David Liu and Chang-Zhu Yu, alleging a veil-piercing theory of liability. The plaintiff seeks recovery for unpaid invoices allegedly totaling in excess of $1.9 million, and consequential damages in excess of $330,000 based on a tax rebate they were unable to obtain. The invoices were for bed sheets and pillow cases that Aceco purchased from the plaintiff, a Chinese manufacturer, for resale to K-Mart here in the United States.

Contemporaneously with the filing of the complaint, the plaintiff sought and obtained an order of attachment *ex parte* on October 30, 2014 which was later confirmed by order of Judge Brodie, without opposition by the defendants, on November 27, 2013.[3] The plaintiff obtained the order on the theory that the defendants were being paid in full by K-Mart for the goods manufactured by the plaintiff, but that instead of paying the plaintiff on the invoices the defendants were diverting the funds from Aceco for personal uses. The attachment order authorized the U.S. Marshal to "levy . . . upon such property in which Defendants have an interest and upon such debts owing to Defendants as will satisfy the

---

[2] According to the complaint, and not challenged by the defendants thus far, the defendant Aceco Industrial & Commercial Corporation merged with Aceco, Inc. at some point and Aceco, Inc. became the successor in interest to Aceco Industrial & Commercial Corporation.

[3] By separate motion the defendants themselves have now also moved to vacate the attachment order. See Motion to Vacate Order of Attachment, Dkt. Ent. 34.

amount specified in this Order." Ex Parte Order of Attachment, Oct. 30, 2014 [Dkt. Ent. 5], at 2.

Among the properties upon which the U.S. Marshal levied at the request of Dafeng was a residence at 25 Gracewood Drive, Manhasset, New York 11030, whose title is held in the name of Rockaway Associates, and it is this property which is the subject of Rockaway's motion to vacate.[4]  Although Rockaway is not a defendant in this action, the plaintiff's theory for the attachment is that Rockaway's partners include the defendants Liu and Yu and that their indirect interest in the property through Rockaway is therefore properly attachable.  It is undisputed that at one time Liu and Yu were indeed partners in Rockaway with an individual named Mo Dai Li and another person, but they contend that they transferred their interest in Rockaway to Mo Dai Li before this litigation commenced.

The subpoena that is the subject of the motion to quash is an effort by the plaintiff to obtain information about any ownership interests or other involvement that the defendants may have in Rockaway.  Thus, the subpoena was served on Rockaway's bank, China Citic Bank International Limited, seeking various financial records that would reflect the defendants' involvement in paying or guaranteeing debts owed to the bank by Rockaway, including the mortgage on the 25 Gracewood Drive residence, as well as other financial dealings between and among the defendants and Rockaway.

---

[4]The Notice of Attachment filed against 25 Gracewood Drive with the Clerk in Nassau County misidentified the property subject to attachment.  Instead of listing 25 Gracewood Drive, it lists a different property at 20 Locust Street in Manhasset.  The plaintiff has asked that the court permit a corrected Notice of Attachment to be filed, but in view of the court's recommendation that the attachment be vacated that request should not be granted.

Service of the subpoena has also induced Rockaway to seek an order requiring the plaintiff to engage in discussions with it and China Citic Bank as a precursor to a potential motion for a protective order under Rule 26(c). Finally, Rockaway seeks a ruling that would impose sanctions on the plaintiff under Rule 11 for improperly attaching its assets and for improperly issuing a subpoena for Rockaway's banking records, with the funds for the sanctions to be paid out of the bond posted by the plaintiff in connection with the attachment order.

## DISCUSSION

In considering Rockaway's motion, the court has reviewed the various submissions made by Rockaway and the plaintiff, and held a hearing on July 25, 2014. The rulings below address each of the requests for relief in turn.

**I.    MOTION TO VACATE ATTACHMENT OF 25 GRACEWOOD DRIVE**

This court's authority to issue attachment orders is found in Rule 64 of the Federal Rules of Civil Procedure, which specifically refers to attachment as one of the remedies available to federal litigants. Fed R. Civ. P. 64(b). The law of the state where the court is located governs the reach of this remedy. *John Wiley & Sons, Inc. v. Kirtsaeng*, No. 08 Civ. 7834, 2009 WL 3003242, at * 2 (S.D.N.Y. Sept. 15, 2009), *citing Cargill, Inc. v. Sabine Trading & Shipping Co.,* 756 F.2d 224, 227 (2d Cir. 1985). Thus, as noted earlier, relying on sections 6201(3) and 6211 of the New York Civil Practice Law and Rules, the court issued the attachment order at issue here which authorized the attachment of "property in which Defendants have an interest and . . . debts owing to Defendants." Ex Parte Order of

Attachment, Oct. 30, 2013 [Dkt. Ent. 5], at 2, *confirmed by* Order, Nov. 27, 2013 [Dkt. Ent. 13].

But an order of attachment is "a harsh remedy which should be construed strictly against those seeking to use it." *Meridien Int'l Bank Ltd. v. Gov't of Republic of Liberia*, No. 92 Civ. 7039, 1996 WL 22338, at *2 (S.D.N.Y. Jan. 22, 1996) (quoting *Reading & Bates Corp. v. Nat'l Iranian Oil Co.,* 478 F. Supp. 724, 726 (S.D.N.Y. 1976)). Moreover, the remedy is "discretionary with the trial court," *id.*, and even if a plaintiff has established all of the statutory prerequisites for the remedy, the court is free to deny an order of attachment, *Trigo Hnos., Inc. v. Premium Wholesale Groceries, Inc.*, 424 F. Supp. 1125, 1133 (S.D.N.Y. 1976) (citing *Haebler v. Bernharth*, 115 N.Y. 459, 462-63 (1889)). Thus, "[w]here the attachment is likely to be oppressive, . . . and may work irremediable hardship, discretion of the court is called in aid of the oppressed." *Meridien Int'l Bank*, 1996 WL 22338, at *4 (quoting *Trigo Hnos., Inc.*, 424 F. Supp. at 1133). Finally, upon a motion to vacate an attachment, the burden remains on the plaintiff to establish the grounds for the attachment and the need for continuing it. *Rothman v. Rogers*, 221 A.D.2d 330, 330, 633 N.Y.S.2d 361 (2nd Dep't 1995).

At the outset, there is a serious question about whether any of the defendants have any interest in the property at 25 Gracewood Drive such that it would properly be a subject of the attachment order issued by the court. There is no dispute that title to the property resides solely in the name of Rockaway, and not in the name of any of the defendants. The plaintiff maintains, however, that the individual defendants David Liu and Chang-Zhu Yu may in fact retain partnership interests in Rockaway, and that belief has some support in the

fact that the two of them reside at 25 Gracewood Drive purportedly as tenants of Rockaway. Moreover, it is undisputed that when the residence was purchased by Rockaway in 2005, Aceco served as a guarantor on the mortgage loan and remains as a guarantor on the loan at present. In addition the plaintiff suspects, but as yet has no proof, that the defendants have diverted funds from Aceco to Rockaway's benefit. For their part, the individual defendants acknowledge that they were formerly partners in Rockaway, but they have provided proof, although perhaps not conclusive, that they exchanged their interest in Rockaway for Mo Dai Li's shares in Aceco some time in 2012 before this lawsuit was filed.

Ultimately, the court need not determine whether the defendants remain partners in Rockaway, for even if the individual defendants retain partnership interests in Rockaway the court is satisfied that the order of attachment as it applies to 25 Gracewood Drive should be vacated. The only justification for the attachment is that, to the extent that the individual defendants have an interest in Rockaway, they have an indirect interest in 25 Gracewood Drive. The attachment, however, interferes not only with their indirect interest in 25 Gracewood Drive, but also with the interests of the two other partners of Rockaway who are not parties to this litigation. The interference with their partnership interests is of significance now because Rockaway has received what appears to be a bona fide offer to purchase 25 Gracewood Drive, made by a party unrelated to any of the defendants or to Rockaway. Mem. in Support, June 29, 2014, Ex. 6 [Dkt. Ent. 44-8]. Moreover, the offer appears to be a fair price consistent with market values in the area as established by a recent appraisal. Mem. in Support, June 29, 2014, Ex. 5 [Dkt. Ent. 44-7]. Unless the attachment is

vacated, Rockaway will be unable to sell the property and the opportunity will be lost to the detriment of all. This is a hardship that Rockaway, and in particular the non-defendant partners in Rockaway, should not be required to bear.

The plaintiff can of course maintain some measure of control over the individual defendants' interest, if any, in Rockaway by levying on their interest in the partnership rather than by levying on the property owned by the partnership. A general partner's interest in a partnership is freely subject to attachment under New York law, *see, e.g., Executive House Realty v. Hagen*, 108 Misc. 2d 986, 991, 438 N.Y.S.2d 174, 179 (Sup. Ct. 1981) (citing N.Y. C.P.L.R. § 5201[b], 6202; N.Y. P'ship Law § 53), and consists of the partner's share of the profits and surplus of the partnership, *id.* (citing N.Y. P'ship Law §§ 52, 98[1]). According to a payoff letter issued by China Citic Bank, the bank that holds the mortgage on 25 Gracewood Drive, the proceeds of the sale will be used entirely to pay off the mortgage loan as well as other debt owed to the bank by Rockaway. Mem. in Support, June 29, 2014, Ex. 4 [Dkt. Ent. 44-6]. As a result, the sale will apparently not produce profits or surplus for any of the partners.[5] The sale will, however, permit Rockaway to retire debts that it would otherwise have the obligation to service by periodic payments of principal and interest, and the loss of the opportunity to do so would therefore impose unnecessary expense on Rockaway.

---

[5]A breakdown of the closing costs and distribution of the sale proceeds is found at Exhibit 7 to the Memorandum in Support [Dkt. Ent. 44-9]. Should the plaintiff seek to attach the individual defendants' interests in Rockaway, the plaintiff would of course be entitled to obtain appropriate assurances that the proceeds will indeed be used as disclosed in the payoff letter and estimate of closing costs. In this vein, Rockaway has offered to permit the plaintiff's counsel to attend the closing and obtain copies of all of the settlement checks.

Accordingly, in the absence of any showing of collusion or bad faith in connection with the proposed sale of 25 Gracewood Drive, and none has been shown, the attachment that has been imposed on that property should be vacated.

## II. MOTION TO QUASH

Rockaway moves to quash the subpoena served by the plaintiff on China Citic Bank on the ground that it improperly seeks information of a personal and protected nature concerning a non-party to the litigation. Although Rockaway does have some privacy interests in its banking records, the records may properly be obtained by subpoena, notwithstanding that Rockaway is not a party, provided that the records are reasonably calculated to lead to evidence that would support the claims made in the Complaint. Fed. R. Civ. P. 26(b)(1). The court is satisfied that at least some of the records sought by the subpoena meet that requirement.

As noted above, the complaint alleges among other things that the individual defendants Liu and Yu are liable for the debts of Aceco under a veil-piercing theory. In support of that theory the complaint alleges that the individual defendants diverted funds from Aceco to pay personal obligations, including their home mortgage payments. There is no dispute that they were partners, at some time, in Rockaway, which is the owner of the home in which they now reside. These circumstances are sufficient to permit the plaintiff to explore the financial relationship between and among Rockaway, Aceco, the individual defendants and Mo Dai Li, and to the extent that the subpoena seeks records relating to those entities and individuals it is appropriate. The subpoena is appropriately limited to the

period from July 2012, approximately one year before this action was filed, to the present. The subpoena is overbroad, however, to the extent that it seeks records beyond those that explore the financial relationship of the above named entities and individuals.  Thus, the subpoena is hereby quashed as to items 1, 2, 6, and 7 listed in the schedule of documents and information requested insofar as those items refer to records regarding "and/or any other persons"; items 1, 2, 6, and 7 therefore are to be read as if that phrase is stricken from the requests.[6]

### III.   THE REMAINING MOTIONS

Rockaway's motion to compel the plaintiff's attendance at a conference with Rockaway and Rockaway's bank must be denied as it is based on a faulty premise.  Rockaway requests such an order based on the requirement in Rule 26(c)(1) that such a conference is a prerequisite for making a motion for a protective order under the rule.  That requirement is applicable, however, only with respect to motions for a protective order made by a "party or any person from whom discovery is sought," and Rockaway is neither.  Indeed, until discovery is sought from Rockaway itself, the Federal Rules of Civil Procedure do not contemplate that Rockaway may even make such a motion.

Rockaway's motion for sanctions under Rule 11 should also be denied as Rockaway has not satisfied the prerequisites for making such a motion.  Rule 11 strictly requires that a motion for sanctions under the rule "must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2).  Moreover, the motion must be served under Rule 5, but must not be

---

[6]The subpoena is attached as Exhibit 3 to the Memorandum in Support of Rockaway's motion [Dkt. Ent. 44-5].

filed unless the "challenged paper, claim, defense, contention or denial" is not withdrawn or appropriately corrected. *Id.* Here, the motion clearly was not made separately from any other motion, and there is no indication that it was served at least 21 days before it was filed. For these reasons, the motion should be denied.[7]

### CONCLUSION

For the foregoing reasons, Rockaway's motion to quash the subpoena served on China Citic Bank is GRANTED IN PART and DENIED IN PART, and Rockaway's motion to compel the plaintiff's attendance at a conference is DENIED. In addition, I recommend that Rockaway's motion to vacate the Notice of Attachment concerning the property at 25 Gracewood Drive, Manhasset, New York be GRANTED, and that Rockaway's motion for sanctions under Rule 11 be DENIED.

\*        \*        \*        \*        \*        \*

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g., Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2nd Cir. 2002); *Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.),

---

[7] In view of the obvious procedural defects in the motion, the court did not study the substance of the motion in any detail. Accordingly, there may well exist other, substantive reasons for denial of the motion.

*cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

So Ordered and Recommended,

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
August 7, 2014