UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
DAFENG HENGWEI TEXTILE CO., LTD.,

                       Plaintiff,                  **MEMORANDUM & ORDER**
                                                                            13-CV-5829 (MKB) (VVP)

                   v.

ACECO INDUSTRIAL & COMMERCIAL
CORPORATION, ACECO, INC., DAVID LIU a/k/a
DAVID Z. LIU a/k/a ZUOWEI LIU, and CHANG-
ZHU YU a/k/a CEE CEE YU, individually and
as agents of Aceco Industrial & Commercial
Corporation and Aceco, Inc.,

                       Defendants.
-------------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

      Plaintiff Dafeng Hengwei Textile Co., Ltd. filed the above-captioned action against Defendants Aceco Industrial & Commercial Corporation, Aceco, Inc., David Liu and Chang-Zhu Yu on October 24, 2013. Plaintiff asserts claims against Aceco for breach of contract and for account stated, and seeks to hold Liu and Yu liable through a veil-piercing theory of liability. By order dated October 30, 2013, the Court granted Plaintiff an *ex parte* prejudgment order of attachment (the "Attachment Order," Docket Entry No. 5), allowing the United States Marshal to levy against properties in which Defendants have an interest. On or about February 11, 2014, Plaintiff caused the U.S. Marshal to levy on a property located at 25 Gracewood Drive, Manhasset, New York 11030 (the "Property").[1] Rockaway Associates ("Rockaway"), a

---

[1] The notice of attachment filed against the Property with the Clerk in Nassau County misidentified the property subject to attachment. Plaintiff has asked that the Court permit it to file a corrected notice of attachment. In light of the Court's decision to adopt the Report and

partnership which is not a party in this action, as owner of the Property, has moved to vacate the Attachment Order levied against the Property, to quash a subpoena served on one of its banks, to seek a protective order, and for sanctions against Plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure. (Docket Entry No. 44.) The Court referred the motion to vacate and for sanctions to Magistrate Judge Victor V. Pohorelsky for a report and recommendation.[2] By Report and Recommendation ("R&R") dated August 7, 2014, Judge Pohorelsky recommended that the Court grant Rockaway's motion to vacate the Attachment Order levied against the Property, and deny Rockaway's motion for sanctions. (R&R, Docket Entry 56.) Plaintiff timely filed an objection to the portion of Judge Pohorelsky's R&R recommending that this Court grant the motion to vacate, (Docket Entry No. 58), and Rockaway timely responded to Plaintiff's objections, (Docket Entry No. 60). No other objections were filed. For the reasons set forth below, the Court adopts the R&R in its entirety.[3]

## I. Background

### a. Relevant parties and their relationships

Plaintiff is a textile manufacturer incorporated under the laws of the People's Republic of China. (Compl. ¶ 3.) Defendants Aceco Industrial & Commercial Corporation and Aceco, Inc.

---

Recommendation (R&R), the request to file a corrected notice of attachment is denied as moot.

[2] The Court also referred the motion to quash a subpoena and to seek a protective order to Judge Pohorelsky for a decision. Those motions are not currently before the Court.

[3] Defendants Liu and Yu have separately moved to vacate the Attachment Order, and their motion was addressed by a separate Report and Recommendation from Judge Pohorelsky. (*See* Motion to Vacate Order of Attachment, Docket Entry No. 34; R&R, Docket Entry No. 57.) The Court will issue a separate order addressing this motion.

(collectively, "Aceco")[4] are New York companies. Defendants Liu and Yu are directors and shareholders of Aceco. (Compl. ¶¶ 8, 10.) From late 2009 through mid-2013, Aceco contracted with Plaintiff for manufacture and delivery of textiles for resale in the United States. (*Id.* ¶ 12, 14.) Plaintiff now seeks recovery from all Defendants for breach of contract resulting from unpaid invoices allegedly totaling $1,977,642.02. (*Id.* ¶ 82(a).)

Movant Rockaway, a non-party, is a New York partnership that has owned the Property since 2005. Non-party Mo Dai Li owns a 99% interest in Rockaway (Decl. of Mo Dai Li in Supp. of Mtn. to Vacate Order of Attachment, Quash Pl.'s Third Party Subpoena & Other Relief ("Li Decl.") ¶ 5, Docket Entry No. 44-1.) Rockaway claims that non-party Lea Tee owns the remaining 1% interest in Rockaway. (*Id.*) Liu and Yu have used the Property as a residence, but claim to have no current ownership interest in it or in Rockaway. It is undisputed that, at one time, Liu and Yu had partnership interests in Rockaway. Rockaway contends that Liu and Yu exchanged their interest in Rockaway for Li's interest in Aceco sometime in 2012, prior to the commencement of this action. (*See* Ex. 3, annexed to July 23, 2014 Declaration of Richard A. Chen ("Chen Decl."), Docket Entry No. 54-3.) Plaintiff contends that this is a "falsity." (Pl. Opp'n Mem. 13, Docket Entry No. 53.)

In 2005, Aceco was named as a guarantor for Rockaway's $1.9 million mortgage on the Property, and a later extension of that mortgage with China Citic Bank. (Li Decl. ¶ 6; Pl. Opp'n Mem. 10–11.)

---

[4] According to the Complaint, Defendant Aceco Industrial & Commercial Corporation merged with or changed its name to Aceco, Inc. at some point and Aceco, Inc. became the successor in interest to Aceco Industrial & Commercial Corporation. (Compl. ¶ 6.)

### b. Alleged breach of contract

Pursuant to their contracts, Plaintiff manufactured textiles which were then sold and delivered to Kmart Corporation at the direction of Aceco. (Compl. ¶ 17.) Through its remitting bank and Aceco's collecting bank, Plaintiff would submit invoices to Aceco for payment. (*Id.* ¶ 15.) Plaintiff alleges that when Aceco was unable to pay Plaintiff's invoices, Aceco requested payment extensions and promised future payment. (*Id.* ¶ 20.) Based on these promises, Plaintiff continued to manufacture and ship goods for Aceco. (*Id.* ¶¶ 20-21.) According to the Complaint, in early 2013, Aceco accumulated an unpaid overdue balance. (*Id.* ¶¶ 20-32.) Despite repeated communications between the parties, the balance was not paid in full. (*Id.* ¶¶ 36-47.) Plaintiff alleges that this failure to pay was due in part to Liu and Yu's failure to respect corporate formalities, causing "Aceco to be undercapitalized to engage in the business for which it was formed, [ ] with intent of avoiding obligations as a result of its ordinary business operations." (*Id.* ¶¶ 61, 63, 76, 78.)

Plaintiff alleges that Defendants breached their sales contract by "refusing to pay the value of the goods that Plaintiff sold and delivered to" Aceco. (*Id.* ¶ 56). Plaintiff contends that Defendants induced Plaintiff into accepting more purchase orders and manufacturing more products for Aceco in early 2013, by promising to pay existing credit balances and pay for additional shipments but ultimately failing to do so. Plaintiff further contends that Defendants Liu and Yu have frustrated Plaintiff's efforts to collect payment by refusing to arrange payment of the substantial balance owed on the contract, and are fraudulently concealing or secreting assets with the intent to defraud Plaintiff or otherwise frustrate the enforcement of a judgment. (Pl. Opp'n Mem. 7.)

### c. Notice of attachment of the Property and motion to vacate

On or about February 11, 2014, Plaintiff filed a notice of attachment against the Property. Plaintiff contends that the Property is properly attachable because Liu, Yu and Aceco each have an interest in the Property. Plaintiff contends that Liu and Yu are either still shareholders in Rockaway, or have used Rockaway as part of a scheme to "divert[] and strip[] Aceco's assets and to shield themselves of personal liabilities." (*See* Pl. Opp'n Mem. 12–14.) Plaintiff further contends that Aceco's guarantee on Rockaway's mortgage gives Aceco an attachable interest in the Property. (Pl. Opp'n Mem. 8–12.)

Rockaway seeks to have the attachment vacated in order to sell the Property and pay its current debt. (Li Decl. ¶ 10).

## II. Discussion

### a. Standards of Review

#### i. Report and recommendation

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a *de novo* standard of review. *Id.*; *see also Larocco v. Jackson*, No. 10-CV-1651, 2010 WL 5068006, at *2 (E.D.N.Y. Dec. 6, 2010). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. 28 U.S.C. § 636(b)(1)(C); *see also Larocco*, 2010 WL 5068006, at *2. The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates its original arguments. *See Rahman v.*

*Fischer*, No. 10-CV-1496, 2014 WL 688980, at *1 (N.D.N.Y. Feb. 20, 2014) ("If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error." (citations omitted)); *Time Square Foods Imports LLC v. Philbin*, No. 12-CV-9101, 2014 WL 521242, at *2 (S.D.N.Y. Feb. 10, 2014) (clearly erroneous standard applies when party reiterates arguments made to the magistrate judge); *see also DePrima v. City of N.Y. Dep't of Educ.*, No. 12-CV-3626, 2014 WL 1155282, at *3 (E.D.N.Y. Mar. 20, 2014) (collecting cases).

### ii. Motion to vacate Attachment Order

New York State Law governs this Court's authority over provisional remedies, including attachment. *See* Fed. R. Civ. P. 64(a)–(b). Where a plaintiff obtains an order of attachment, "the defendant, the garnishee or any person having an interest in the property or debt may move . . . for an order vacating or modifying the order of attachment." N.Y. C.P.L.R. § 6223 (2012). "Upon a motion to vacate . . . the plaintiff shall have the burden of establishing the grounds for the attachment, the need for continuing the levy and the probability that he will succeed on the merits." *Id.* § 6223(b); *see Maisano v. Beckoff et al.*, 705 N.Y.S.2d 251, 252 (App. Div. 2000) (holding grant of vacatur appropriate because plaintiff failed to establish movant had an attachable interest in subject property); *Rothman v. Rogers*, 633 N.Y.S.2d 361, 361 (App. Div. 1995) (holding grant of vacatur appropriate because plaintiff failed to establish grounds for attachment). "The court has broad discretion in considering such an application." *Rothman*, 633 N.Y.S.2d at 361 (citing *Zenith Bathing Pavilion v. Fair Oaks S.S. Corp.*, 148 N.E. 532, 534 (1925)).

### b. Unopposed Recommendations

Defendants did not object to Judge Pohorelsky's R&R and Plaintiff only objected to the recommendation that the Court vacate the Attachment Order. The Court has reviewed the unopposed portions of the R&R, and, finding no clear error, pursuant to 28 U.S.C. § 626(b)(1), the Court adopts Judge Pohorelsky's recommendation that Rockaway's motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure be denied.

### c. Plaintiff's Objections

Plaintiff objects to Judge Pohorelsky's recommendation that the Court grant Rockaway's motion to vacate the Attachment Order, arguing that Judge Pohorelsky made three errors: (1) failing to find that Aceco has a "legal and equitable" interest in the Property; (2) making findings of disputed facts in favor of Rockaway; and (3) concluding that Rockaway's inability to sell the Property is an irremediable hardship. For the reasons discussed below, the Court adopts Judge Pohorelsky's recommendations and grants Rockaway's motion to vacate the Attachment Order.

#### i. Defendants' attachable interest

Plaintiff argues that Judge Pohorelsky failed to consider that Aceco had a "legal as well as equitable interest in the . . . Property." (Pl. Obj. 12, Docket Entry 58.) In the R&R, Judge Pohorelsky acknowledged Plaintiff's arguments that Aceco, Liu and Yu each had an interest in the Property, but concluded that "[u]ltimately, the court need not determine whether the defendants remain partners in Rockaway, for even if the individual defendants retain partnership interests in Rockaway the court is satisfied that the order of attachment as it applies to [the Property] should be vacated." (R&R 6.)

Plaintiff's objection to this determination reiterates its opposition to the motion before Judge Pohorelsky, (*see* Pl. Obj. 12-13 (citing Pl. Opp'n Mem.)), and thus this Court will review

7

Judge Pohorelsky's recommendation for clear error. *See Rahman*, 2014 WL 688980, at *1. Having considered Judge Pohorelsky's conclusions and the accompanying objections, the Court concludes that Plaintiff has not shown any error.

Plaintiff argues that as a guarantor for Rockaway's mortgage on the Property, Aceco had an attachable interest in the Property. (Pl. Obj. 12, Docket Entry 58.) Plaintiff alleges that Aceco may have an equitable claim against Rockaway if Rockaway "had not promised to pay Aceco Defendants any consideration in exchange for [the] guarantee." (Pl. Opp'n Mem. 11–12; Pl. Obj. 13 ("Aceco's legal interest in the Property will be the amount of money it has paid on the mortgage for the benefit of [Rockaway] as well as the consideration [Rockaway] should have paid Aceco for the fair value of Aceco's guarantee.").) In considering this argument Judge Pohorelsky concluded that "there is a serious question about whether any of the [D]efendants have any interest in [the Property] such that it would properly be a subject of the attachment order issued by the court." (R&R 5.)

The Court agrees that Plaintiff has not shown that the mortgage guarantee agreement results in any attachable debt or property interest that would be satisfied through attachment of the Property. Under New York law, "[a]ny debt or property against which a money judgment may be enforced as provided in [New York Civil Practice Law and Rules] section 5201 is subject to attachment." N.Y. C.P.L.R. § 6202. "A money judgment may be enforced against any debt, which is past due or which is yet to become due, certainly or upon demand of the [defendant] . . . ." N.Y. C.P.L.R. § 5201(a). New York law makes it clear that "[a] debt may consist of a cause of action which could be assigned or transferred accruing within or without the state." *Id.* Moreover, "[a] money judgment may be enforced against any property which could be assigned or transferred, whether it consists of a present or future right or interest and whether

or not it is vested, unless it is exempt from application to the satisfaction of the judgment." *Id.* § 5201(b). In short, the statute permits a plaintiff to attach any debt or property that a defendant (1) has a current or definite future interest in, and (2) can assign. It is Plaintiff's burden to establish these grounds for attachment. N.Y.C.P.L.R. § 6223(b).

Plaintiff's allegations, presenting a hypothetical scenario in which Aceco could take an interest in Rockaway's property, are insufficient to permit the Court to conclude that the Property is properly subject to attachment. *See* N.Y.C.P.L.R. § 6223(b); *see also Maisano v. Beckoff et al.*, 705 N.Y.S.2d 251, 252 (App. Div. 2000) (holding grant of vacatur appropriate because plaintiff failed to establish defendant had an attachable interest in nonparty-movant's brokerage account).

### ii. Disputed facts

Plaintiff objects to several "findings of fact" he has inferred from Judge Pohorelsky's R&R, including: "(i) There was a bona fide offer to purchase the Property; (ii) The purchaser is a party unrelated, directly or indirectly, to any of the defendants or partners of Rockaway; (iii) The sales [*sic*] price is a fair market price; (iv) The 'recent appraisal' . . . fairly represents the current market value of the Property and is reliable; (v) The contemplated sale by [Rockaway] of the Property is an 'opportunity' to [Rockaway]; (vi) [Rockaway] has no other alternative but to either sell the Property or be forced to keep the Property."[5] (Pl. Obj. 14–15.) Plaintiff submits that Rockaway failed to prove any of these facts. (Pl. Obj. 15.)

---

[5] Plaintiff's objections are directed at Judge Pohorelsky's statements that "the offer [to purchase the Property] appears to be a fair price consistent with market values in the area as established by a recent appraisal. Unless the attachment is vacated, Rockaway will be unable to sell the [P]roperty and the opportunity will be lost to the detriment of all. This is a hardship that Rockaway, and in particular the non-defendant partners in Rockaway, should not be required to bear." (R&R 6–7.) These statements were not the basis for Judge Pohorelsky's conclusion and recommendation, and the Court does not rely on these findings.

Plaintiff bears the burden to show that the Court should continue the Attachment Order. N.Y.C.P.L.R. § 6223(b) ("Upon a motion to vacate or modify an order of attachment the plaintiff shall have the burden of establishing the grounds for attachment, the need for continuing the levy and the probability that he will succeed on the merits."). The Court has "broad discretion . . . to vacate an attachment order 'when evidence, though not lacking altogether, may seem too weak or uncertain to justify the remedy.'" *Trigo Hnos., Inc. v. Premium Wholesale Groceries, Inc.*, 424 F. Supp. 1118, 1123 (S.D.N.Y. 1976) ("*Trigo Hnos. I*") (quoting *AMF Inc. v. Algo Distribs. Co.* 369 N.Y.S.2d 460, 468 (App. Div. 1975) (citing *Zenith Bathing Pavilion*, 148 N.E. at 534)).

The grounds for attachment are enumerated by statute. New York Law provides in pertinent part that:

> An order of attachment may be granted in any action, except a matrimonial action, where the plaintiff has demanded and would be entitled, in whole or in part, or in the alternative, to a money judgment against one or more defendants, when: . . . 3. the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts . . . ."

N.Y. C.P.L.R. § 6201. However, "'[b]ecause attachment is a harsh remedy,' these statutory factors 'must be strictly construed in favor of those against whom' attachment is sought." *DLJ Mortgage Capital, Inc. v. Kontogiannis*, 594 F. Supp. 2d 308, 319 (E.D.N.Y. 2009) (quoting *Monteleone v. Leverage Grp.*, No. 08-CV-1986, 2008 WL 4541124, at *6 (E.D.N.Y. Oct. 7, 2008)) (citing *Brastex Corp. v. Allen Int'l, Inc.*, 702 F.2d 326, 332 (2d Cir. 1983); *Kornblum v. Kornblum*, 828 N.Y.S.2d 404 (App. Div. 2006)). In order to sustain an action based on Section 6201(3), the plaintiff must "present more than 'a scintilla of proof as to the requisite elements of the fraud cause of action alleged in the complaint." *Trigo Hnos., Inc. v. Premium Wholesale*

*Groceries, Inc.*, 424 F. Supp. 1125, 1132 (S.D.N.Y. 1976) ("Trigo Hnos. II") (quoting *MacMillan v. Hafner*, 334 N.Y.S.2d 729, 729 (App. Div. 1973)); s*ee DLJ Mortgage Capital*, 594 F. Supp. 2d at 319 ("Because fraud is not lightly inferred, plaintiff's moving papers must contain evidentiary facts as opposed to conclusions proving the fraud." (citations and internal quotations omitted)). "It must appear that such fraudulent intent really exists in the defendant's mind." *Id.* (citations and internal quotations omitted); *Ames v. Clifford*, 863 F. Supp. 175, 179 (S.D.N.Y. 1994) ("[T]he mere transfer of assets, without some showing of fraudulent intent, will not justify attachment." (quoting *Computer Strategies, Inc. v. Commodore Bus. Machs., Inc.*, 483 N.Y.S.2d 716, 721 (App. Div. 1984))); *Trigo Hnos. I*, 424 F. Supp. at 1123 ("[P]referential payment to certain creditors, unless part of a large scheme undertaken with actual intent to defraud creditors, will not suffice to support an attachment." (citations omitted)).

As Judge Pohorelsky found, Plaintiff "has no proof[] that the defendants have diverted funds from Aceco to Rockaway's benefit." (R&R 6.) Plaintiff failed to present more than mere suspicion that Defendants used Rockaway to dispose of or coneal property with the intent to defraud Plaintiff or to frustrate the enforcement of a judgment in this action. *See Trigo Hnos. I*, 424 F. Supp. at 1123. Though "'fraudulent intent is rarely susceptible to direct proof,'" the Plaintiff must at least point to evidence showing "badges of fraud that give rise to a sufficient inference of intent." *DLJ Mortgage Capital*, 594 F. Supp. 2d at 320 (quoting *in re Kaiser*, 722 F.2d 1574, 1582 (2d Cir. 1983)). As Judge Pohorelsky succinctly stated in the R&R, "[i]n the absence of any showing of collusion or bad faith in connection with the proposed sale of [the Property], and none has been shown, the attachment that has been imposed on that property

11

should be vacated."[6]  (R&R 7.)  The Court agrees with Judge Pohorelsky that Plaintiff's allegations are insufficient to sustain the attachment against the Property.

### iii.  Exercise of discretion in light of hardship

Plaintiff argues that "the interference with [Liu and Yu's] 'indirect interest' and the interest of the non-party partners of [Rockaway] by reason of the attachment is not, standing alone, extraordinary circumstances warranting vacatur of the attachment . . . ."  (Pl. Obj. 19.)

"It is well recognized that the court has discretion to deny an order of attachment, even where the plaintiff may have shown the statutory requirements for the provisional remedy." *Trigo Hnos. II*, 424 F. Supp at 1133.  "The granting of a warrant of attachment is discretionary and not a matter of right."  *Id.* (quoting *Elliott v. Great Atl. & Pac. Tea Co.*, 171 N.Y.S.2d 217, 219 (1957), *aff'd*, 179 N.Y.S.2d 127 (1958) (citing *Haebler v. Bernharth*, 115 N.Y. 459, 462–63 (1889))).  "Where the attachment is likely to be oppressive, . . . and may work irremediable hardship, discretion of the court is called in aid of the oppressed."  *Meridien Int'l Bank Ltd. v. Gov't of Republic of Liberia*, No. 92-CV-7039, 1996 WL 22338, at *4 (S.D.N.Y. Jan. 22, 1996) (quoting *Trigo Hnos. II*, 424 F. Supp. at 1133).

It is undisputed that both Rockaway and at least two of Rockaway's partners are not parties to this action and Plaintiff has not alleged that they are liable to Plaintiff for its breach of contract or account stated claims.  The burden of the enforcement of the Attachment Order falls directly on these third parties, who are seeking to sell the Property.  Even if all of the statutory requirements for the provisional remedy had been met in this case, it is within the Court's discretion to vacate the Attachment Order if it is "oppressive."  *See Trigo Hnos. II*, 424 F. Supp. at 1133 (finding substantial hardship when $7,000 frozen in *defendant's* bank account, leading to

---

[6] Plaintiff does not specifically contest this finding in its objection.

12

a number of checks being returned for insufficiency of funds).

In light of the fact that Plaintiff has not met its burden to show that the Property can properly be the subject of the Attachment Order under the statute, coupled with the fact that the Attachment Order is creating a hardship on non-parties to this action by preventing them from selling the Property, the Court finds that the circumstances warrant the exercise of discretion in favor of vacatur.

**III. Conclusion**

Having considered Judge Pohorelsky's Report & Recommendation and Plaintiff's objections, the Court adopts the Report & Recommendation in its entirety. The Court grants Rockaway's motion to vacate the Attachment Order entered against 25 Gracewood Drive, Manhasset, New York and denies Rockaway's motion for Rule 11 sanctions.

SO ORDERED:

　　　　s/ MKB　　　　　　
MARGO K. BRODIE
United States District Judge

Dated: October 20, 2014
　　　　Brooklyn, New York