UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

DAFENG HENGWEI TEXTILE CO., LTD.,

                      Plaintiff,

v.

ACECO INDUSTRIAL & COMMERCIAL
CORPORATION, ACECO, INC., DAVID LIU a/k/a
DAVID Z. LIU a/k/a ZUOWEI LIU, and CHANG-
ZHU YU a/k/a CEE CEE YU, individually and
as agents of Aceco Industrial & Commercial
Corporation and Aceco, Inc.,

                      Defendants.

**MEMORANDUM & ORDER**
13-CV-5829 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Dafeng Hengwei Textile Co., Ltd. filed the above-captioned action against Defendants Aceco Industrial & Commercial Corporation, Aceco, Inc. (collectively "Aceco"), David Liu and Chang-Zhu Yu on October 24, 2013. Plaintiff asserts claims against Aceco for breach of contract and for account stated, and seeks to hold Liu and Yu liable through a veil-piercing theory of liability. By order dated October 30, 2013, the Court granted Plaintiff an *ex parte* prejudgment order of attachment (the "Attachment Order," Docket Entry No. 5), allowing the United States Marshal to levy against properties in which Defendants have an interest. On or about November 7, 2013 and February 11, 2014, Plaintiff caused the U.S. Marshal to levy certain property owned by Aceco, Liu and Yu. Liu and Yu (collectively "Movants") seek to vacate the Attachment Order. (Def. Mot. to Vacate Order of Attachment ("Def. Mot."), Docket Entry No. 34.) The Court referred the motion to vacate to Magistrate Judge Victor V. Pohorelsky for a report and recommendation. By Report and Recommendation ("R&R") dated August 21, 2014,

Judge Pohorelsky recommended that the Court grant Movants' motion to vacate the Attachment Order. ("R&R," Docket Entry No. 57.) Plaintiff timely filed an objection to Judge Pohorelsky's R&R, ("Pl. Obj.," Docket Entry No. 61), and Movants timely responded to Plaintiff's objections, ("Def. Response," Docket Entry No. 63). With Plaintiff's consent, Movants submitted a supplemental response to Plaintiff's objections on September 29, 2014. ("Supp. Def. Response", Docket Entry No. 68.) No other objections were filed. For the reasons set forth below, the Court adopts the R&R in its entirety.

**I. Background**

The Court assumes familiarity with the parties and background to this case, which is set forth in greater detail in its October 20, 2014 Memorandum and Order. *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, --- F. Supp. 3d ---, 2014 WL 5319688 (E.D.N.Y. Oct. 20, 2014). The facts necessary to decide this motion are outlined below.

    **a. The alleged breach of contract**

Plaintiff, a Chinese textile manufacturer, commenced this action on October 23, 2013, seeking to recover on an unpaid contract in the amount of $1,977,642.02 from Defendants, who distributed textiles from Plaintiff for resale in the United States through K-Mart. (Compl. ¶¶ 13–17.) Movants are the primary officers and sole shareholders of Aceco. Aceco contracted with Plaintiff to supply its products beginning in late 2009. (*Id.* ¶ 14.) Though the parties initially agreed that the payment term was "Documents against Payment ("D/P") at sight," (*id.* ¶ 15), Aceco's collecting bank was occasionally unable to satisfy Plaintiff's invoices, at which point Aceco would request payment extensions and promise to make future payments, (*id.* ¶ 20). Aceco began to accumulate an unpaid balance based on its failure to pay as promised. (*Id.* ¶ 21.)

Over the course of 2013, Aceco negotiated additional shipments from Plaintiff upon promises to pay the outstanding amount. (*Id.* ¶¶ 22-30.)

During the same period of time in 2013, Aceco paid $1,298,741.15 toward its overdue existing balance, leaving an unpaid total of $1,977,642.02. (*Id.* ¶ 31.) By the end of July 2013, China Citic Bank, Aceco's collecting bank, returned to Plaintiff all unpaid invoices and payment requests. (*Id.* ¶ 34.) Despite repeated requests, Aceco failed to pay its outstanding balance.[1] (*Id.* ¶¶ 37–51.) Plaintiff alleges that Aceco terminated its business relationship with K-Mart, and that Liu informed Plaintiff that Aceco would no longer continue its business with Plaintiff. (*Id.* ¶¶ 35–36.)

### b. Alleged disappearance of assets and attachment of property

By September 25, 2013, "Kmart had fully paid all invoices issued by Aceco for Plaintiff's goods delivered, in the amount of $3,575,385.48 . . . ." (Pl. Obj. 3.) Plaintiff produced evidence that Aceco used the money from K-Mart to pay both Plaintiff and other vendors, and to make payments on loans. (*Id.* at 3–4) According to Plaintiff, Aceco's bank records show "abnormal amounts of loans and loan payments and transfers." (*Id.* at 5.) Plaintiff alleges that "at least some of the loans may have been made to finance some mortgage loans taken by other individuals and interrelated and jointly owned entities . . . ." (*Id.*) Aceco's bank records suggest that a payment was made directly from the corporate account to a loan addressed in the name of Movants as individuals rather than Aceco as a corporation. (*Id.* at 8; Ex. I, annexed to Supp. Decl. of Bing Li in Supp. of Pl. Obj. dated Sept. 8, 2014 ("Li Decl. II"),

---

[1] Movants argue that Aceco does not owe the balance Plaintiff claims, in part because K-Mart discovered defects in the textiles shipped by Plaintiff, which resulted in "chargebacks" against Aceco totaling approximately $850,000. (Decl. of David Liu dated Mar. 29, 2014, annexed to Affirmation of Jonathan Gould in Supp. of Mot. to Vacate Order of Attachment ("Liu Decl.") ¶¶ 10–12.)

3

Docket Entry No. 61-1.)

On or about November 7, 2013, Plaintiff requested the U.S. Marshal to levy on Aceco's account at Rosenthal & Rosenthal (a factoring company), Movants' bank account with People's United Bank, Aceco's corporate account with K-Mart, and Aceco's bank accounts at China Citic Bank.[2] (Decl. Bing Li in Opp'n to Def. Mot. to Vacate Order of Attachment ("Li Decl. I") ¶¶ 11–15, Docket Entry No. 37.) The levy on Aceco's K-Mart account and Rosenthal & Rosenthal accounts failed to attach any funds, (Li. Decl. I ¶¶ 12, 14), and the levy on Aceco's bank accounts failed because the bank asserted a secured interest in Aceco's assets. (Pl. Obj. 3–4.) Movant's bank account had $193 in attachable assets. (Li Decl. I ¶ 13, Ex. I.) On or about February 11, 2014, Plaintiff caused the U.S. Marshal to levy on three parcels of real property, two of which were owned by Movants and one of which was owned by non-party Rockaway Associates.[3] (Li Decl. I ¶¶ 33–35.)

Following the issuance of the Attachment Order, Plaintiff alleges that Movants attempted to close Aceco's business, pointing to evidence that Movants had relocated Aceco's corporate offices from an address in Great Neck to Movants' own residence in Manhasset. (Pl. Obj. 4.) Plaintiff also notes that Movants listed their real properties for sale after the commencement of the lawsuit, in late 2013 and early 2014. (*Id.* at 11.)

---

[2] In the process of executing service of process of the levies, the U.S. Marshal listed that Aceco's offices in Great Neck were closed. (Pl. Obj. 4.)

[3] The notice of attachment filed against the property owned by Rockaway Associates, located at 25 Gracewood Drive, Manhasset, NY 11030, is the subject of this Court's October 20, 2014 Memorandum and Order. *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, --- F. Supp. 3d ---, 2014 WL 5319688 (E.D.N.Y. Oct. 20, 2014).

## II. Discussion

### a. Standards of Review

#### i. Report and recommendation

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a *de novo* standard of review. *Id.*; *see also Larocco v. Jackson*, No. 10-CV-1651, 2010 WL 5068006, at *2 (E.D.N.Y. Dec. 6, 2010). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. 28 U.S.C. § 636(b)(1)(C); *see also Larocco*, 2010 WL 5068006, at *2. The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates its original arguments. *See Rahman v. Fischer*, No. 10-CV-1496, 2014 WL 688980, at *1 (N.D.N.Y. Feb. 20, 2014) ("If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error." (citations omitted)); *Time Square Foods Imports LLC v. Philbin*, No. 12-CV-9101, 2014 WL 521242, at *2 (S.D.N.Y. Feb. 10, 2014) (clearly erroneous standard applies when party reiterates arguments made to the magistrate judge); *see also DePrima v. City of N.Y. Dep't of Educ.*, No. 12-CV-3626, 2014 WL 1155282, at *3 (E.D.N.Y. Mar. 20, 2014) (collecting cases).

#### ii. Motion to vacate Attachment Order

New York State Law governs this Court's authority over provisional remedies, including

attachment. *See* Fed. R. Civ. P. 64(a)–(b). Where a plaintiff obtains an order of attachment, "the defendant, the garnishee or any person having an interest in the property or debt may move . . . for an order vacating or modifying the order of attachment." N.Y. C.P.L.R. § 6223 (2012). "Upon a motion to vacate . . . the plaintiff shall have the burden of establishing the grounds for the attachment, the need for continuing the levy and the probability that he will succeed on the merits."[4] *Id.* § 6223(b); *see Rothman v. Rogers*, 633 N.Y.S.2d 361, 361 (App. Div. 1995) (holding grant of vacatur appropriate because plaintiff failed to establish grounds for attachment). The Court has "broad discretion . . . to vacate an attachment order 'when evidence, though not lacking altogether, may seem too weak or uncertain to justify the remedy.'" *Trigo Hnos., Inc. v. Premium Wholesale Groceries, Inc.*, 424 F. Supp. 1118, 1123 (S.D.N.Y. 1976) ("*Trigo Hnos. I*") (quoting *AMF Inc. v. Algo Distribs. Co.* 369 N.Y.S.2d 460, 468 (App. Div. 1975)); *see also Rothman*, 633 N.Y.S.2d at 361 ("The court has broad discretion in considering such an application.") (citing *Zenith Bathing Pavilion v. Fair Oaks S.S. Corp.*, 148 N.E. 532, 534 (1925)).

The grounds for attachment are enumerated by statute. New York Law provides in pertinent part that:

> An order of attachment may be granted in any action, except a matrimonial action, where the plaintiff has demanded and would be entitled, in whole or in part, or in the alternative, to a money judgment against one or more defendants, when: . . . 3. the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's

---

[4] The parties' dispute centers on whether Plaintiff made an adequate showing of the grounds for attachment, namely that Movants have disposed of or secreted assets with intent to defraud their creditors or frustrate the enforcement of a judgment. *See* N.Y. C.P.L.R. § 6201(3). Because the Court finds that Plaintiff has failed to meet its burden on this prong, it does not address the adequacy of Plaintiff's allegations regarding the need for continuing the levy or the probability that Plaintiff will succeed on the merits.

6

> favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts . . . ."

N.Y. C.P.L.R. § 6201. However, "'[b]ecause attachment is a harsh remedy,' these statutory factors 'must be strictly construed in favor of those against whom' attachment is sought." *DLJ Mortg. Capital, Inc. v. Kontogiannis*, 594 F. Supp. 2d 308, 319 (E.D.N.Y. 2009) (quoting *Monteleone v. Leverage Grp.*, No. 08-CV-1986, 2008 WL 4541124, at *6 (E.D.N.Y. Oct. 7, 2008)) (citing *Brastex Corp. v. Allen Int'l, Inc.*, 702 F.2d 326, 332 (2d Cir. 1983); *Kornblum v. Kornblum*, 828 N.Y.S.2d 404 (App. Div. 2006)).

### b. Plaintiff's Objections

Plaintiff objects to Judge Pohorelsky's recommendation that the Court grant Movants' motion to vacate the Attachment Order, arguing that Judge Pohorelsky made three errors: (1) making findings of disputed facts in favor of Movants; (2) failing to shift the burden to Movants to explain and document the disappearance of their assets; and (3) failing to address Plaintiff's additional facts which supported its argument that Defendants intended to frustrate the enforcement of a judgment. At its core, Plaintiff objects to the conclusion that it failed to meet its burden to show Movants disposed of or secreted assets with intent to commit fraud, as required by N.Y. C.P.L.R. § 6201(3). For the reasons discussed below, the Court adopts Judge Pohorelsky's recommendation and grants Movants' motion to vacate the Attachment Order.

### i. Disputed facts and additional facts

Plaintiff objects to Judge Pohorelsky's conclusion that "the plaintiff offers no proof that the money paid by K-Mart was in fact diverted to the individual defendants or otherwise secreted," and points to at least six statements Judge Pohorelsky makes in support of that conclusion. (Pl. Obj. 12.) Plaintiff objects to these "findings of fact" he has inferred from Judge

7

Pohorelsky's R&R, including: (1) "the vast majority of the funds deposited into [Aceco's China Citic Bank] accounts during 2013 were used to pay down loans made to Aceco by the bank," (R&R 5); (2) "[t]he loans reflected in Aceco's bank records may well have been advances used to pay the plaintiff and other manufacturers who provided goods to Aceco for resale," (*id.* at 6 n.6); (3) "[P]laintiff apparently acknowledges receiving payments totaling approximately $2.4 million from Aceco during 2013," (*id.*); (4) "[a]ccording to the defendants, however, one of the two [pieces of real] properties had been listed for sale as early as 2012 in an effort to raise funds," (*id.* at 6) and two additional statements related to a property owned by third-party Rockaway Associates, which is no longer the subject of the current motion to vacate. (*See* Pl. Obj. 12–18.) Plaintiff argues that: (1) not *all* of the funds were used to pay loans, and "it is not known what these abnormal loan payments were for," (Pl. Obj. 12.); (2) Aceco never used a loan advance to pay Plaintiff, (*id.* at 14); (3) Plaintiff had not verified the payment amount at the time of oral argument, (*id.* at 15); and (4) Plaintiff presented documents that the property was first listed for sale in November of 2013, (*id.* at 16).

Plaintiff also objects to the R&R on the ground that Judge Pohorelsky erred by failing to address Plaintiff's contentions that Aceco was closing its business and its bank accounts, that Yu made an incorrect statement to the U.S. Marshals who came to levy on her property,[5] that defendants "fail[ed] to provide documents showing the nature and use of the abnormal amount of loans and loan payments" and otherwise did not comply with Plaintiff's discovery requests, that defendants disposed of "all of their interests in real properties," and the timing of the listed acts.

---

[5] According to Plaintiff, the U.S. Marshal attempted service of the Attachment Order at Movants' residence in Manhasset, New York, and noted on the second attempt "DOES NOT KNOW ABOVE NAMED INDIVIDUALS PER OWNER OF RESIDENCE MRS. XU[.]:" (Pl. Obj. 4–5.) Plaintiff asserts that the same individual later identified herself as Defendant Yu and accepted the court papers for herself and for Liu. (Pl. Obj. 5.)

(Pl. Obj. 21.) Plaintiff argues that "[t]hese facts, coupled with the unexplained disappearance of funds from Aceco [a]ccounts, compel the conclusion that Aceco Defendants disposed of and secreted assets with intent to frustrate enforcement of a judgment Plaintiff will obtain in this action." (*Id.*)

Movants argue, in sum, that Judge Phorelsky's statements were not formal findings of fact, but were rather illustrations and explanations of why he concluded that Plaintiff failed to meet its burden. (Supp. Def. Response 6–7.)

In order to sustain an action based on Section 6201(3), the plaintiff must show both that the defendant assigned, disposed of, encumbered or secreted property, and that such actions were taken with intent to defraud creditors or frustrate the enforcement of a judgment. N.Y. C.P.L.R. § 6201. "It is well established in New York that the mere removal or other disposition of property by a debtor is not a sufficient ground for an attachment." *Bank of Leumi Trust Co. of N.Y. v. Istim, Inc.*, 892 F. Supp. 478, 483 (S.D.N.Y. 1995) (collecting cases); *see also Ames v. Clifford*, 863 F. Supp. 175, 178–79 (S.D.N.Y. 1994) ("[T]he mere transfer of assets, without some showing of fraudulent intent, will not justify attachment." (citing *Computer Strategies, Inc. v. Commodore Bus. Machs., Inc.*, 483 N.Y.S.2d 716, 721 (App. Div. 1984))); *Trigo Hnos. I*, 424 F. Supp. at 1123 ("[P]referential payment to certain creditors, unless part of a larger scheme undertaken with actual intent to defraud creditors, will not suffice to support an attachment." (citations omitted)).

The plaintiff must show "that such fraudulent intent really exists in the defendant's mind." *DLJ Mortg. Capital*, 594 F. Supp. 2d at 319 (citations and internal quotations omitted). The plaintiff must "present more than 'a scintilla of proof as to the requisite elements of the fraud cause of action alleged in the complaint.'" *Trigo Hnos., Inc. v. Premium Wholesale*

*Groceries, Inc.*, 424 F. Supp. 1125, 1132 (S.D.N.Y. 1976) ("Trigo Hnos. II") (quoting *MacMillan v. Hafner*, 334 N.Y.S.2d 729, 729 (App. Div. 1973)). "Since direct evidence of fraudulent intent is rare, courts often look for the presence of 'badges of fraud' which commonly accompany fraudulent transfers in determining whether to infer fraudulent intent" from a disposition of assets. *U.S. Fid. & Guar. Co. v. J. United Elec. Contracting Corp.*, 62 F. Supp. 2d 915, 924 (E.D.N.Y. 1999); *see also DLJ Mortg. Capital*, 594 F. Supp. 2d at 319 ("Because fraud is not lightly inferred, plaintiff's moving papers must contain evidentiary facts as opposed to conclusions proving the fraud." (citations, internal quotations and alterations omitted)). The "badges of fraud" courts consider include: (1) a close relationship between the parties involved in the transfer or transaction; (2) secrecy in the transfer; (3) a questionable transfer not in the usual course of business; (4) gross inadequacy of consideration; (5) the transferor's knowledge of the creditor's claim and the transferor's inability to pay it; (6) the use of fictitious parties; (7) the retention of control of the property by the transferor after transfer. *See U.S. Fid. & Guar. Co*, 62 F. Supp. 2d at 924 (citing *HBE Leasing v. Frank*, 48 F.3d 623, 639 (2d Cir. 1995)); *DLJ Mortg. Capital*, 594 F. Supp. 2d at 320.

Plaintiff has made a showing that Defendants have disposed of or are attempting to dispose of at least some of their property. Movants have listed the parcels of real property for sale, and Aceco has used a significant amount of its assets to make loan payments. However, the mere disposition of property does not give rise to a presumption of intent to defraud. *See DLJ Mortg. Capital*, 594 F. Supp. 2d at 319. Plaintiff must also present evidence that Movants had fraudulent intent when they disposed of their assets, or otherwise intended to frustrate the enforcement of this judgment. Plaintiff has failed to do so.

As Judge Pohorelsky stated, "the principal evidence offered by [Plaintiff] to establish that

[Defendants] have secreted or disposed of their assets with the intent to defraud [Plaintiff] is the fact that during the calendar year 2013 Aceco received some $3.5 million in payments from K-Mart for the bedding goods that were sold by [Plaintiff], but failed to pay approximately $2 million of the Plaintiff's invoices for those products." (R&R 5.) Plaintiff's assertion that the money paid from K-Mart should have gone directly to Plaintiff and that Defendant's failure to pay it directly to Plaintiff, and failure to account for exactly to whom the money was paid, is insufficient to support an inference of fraud. *See Ames*, 863 F. Supp. at 179; *Rosenthal v. Rochester Button Co.*, 539 N.Y.S.2d 11, 12 (App. Div. 1989) (Plaintiff's showing rapid deterioration of corporation's financial condition, combined with corporate sale of assets, still "completely devoid of any evidence of fraudulent intent on the part of [the defendant].")

Furthermore, Plaintiff has not presented evidence that any of the monetary or real-estate transactions at issue demonstrate "badges of fraud" that would support a finding of fraudulent intent. Bank records show that there may have been some money transfers between Aceco and Movants, closely related parties, but only for small amounts in comparison to the amount owed to Plaintiff. "The records of the [Movants'] bank accounts were produced to [Plaintiff] in discovery, and disclose that except for modest transfers totaling perhaps $50,000 to $60,000, there is no proof that any of the funds in the corporate accounts were diverted to the [Movants'] accounts." (R&R 6.) Plaintiff presents nothing more than its suspicions as to why this money was transferred or the ultimate use of the money, and fails to show evidence of any "badge of fraud" beyond the close relationship of the parties. *See De Ping Song v. 47 Old Country, Inc.*, No. 09-CV-5566, 2011 WL 3846929, at *5–6 (E.D.N.Y. Aug. 30, 2011) (granting motion to vacate order of attachment against corporate entities and individual owners/shareholders, despite fact that bank records "tended to show that [individual defendants] were less than fastidious in

keeping the banking activities of their three [corporations] separate" and that defendants were otherwise "poor record keepers"). As to the loan payments made by Aceco, Plaintiff asserts that "while it is not known what all [Defendants'] abnormal loan payments were for . . . it is reasonable to infer that at least some of the payments went to finance" loans made by Movants, or other companies in which Movants are involved. (Pl. Obj. 13.) The Court disagrees that this inference is "reasonable," and finds that Plaintiff failed to present sufficient evidence to support a finding of fraudulent intent with regard to these payments.

### ii. Burden shifting

Plaintiff argues that the Judge Pohorelsky improperly imposed on Plaintiff "an enhanced burden of proof . . . to prove where the funds are hidden after disappearance" by requiring Plaintiff to show more than the transfer or disappearance of an "abnormal amount of property." (Pl. Obj. 18–19.) Plaintiff also argues that Aceco's bank records prove that Aceco's funds were "diverted to the [Movants] personally or elsewhere to enrich the [Movants.]" (*Id.*)

To the extent Plaintiff argues that the unexplained disappearance of a large amount of property establishes a proper basis for an attachment order, Plaintiff merely reiterates arguments made in its opposition to the motion before Judge Pohorelsky, (*see* Pl. Opp'n 7–10), and the Court will therefore review Judge Pohorelsky's recommendation as to this argument for clear error. *See Rahman*, 2014 WL 688980, at *1. On this point, Judge Pohorelsky concluded that "[t]he evidence submitted to the court [] does not establish that the funds paid by K-Mart have disappeared; it only establishes that [Defendants] used those funds to pay other debts." (R&R 8.) Having considered Judge Pohorelsky's conclusions and the accompanying objections, the Court concludes that Plaintiff has not shown any clear error.

If a plaintiff can establish the defendant has disposed of or hidden assets in order to

defraud creditors, "[t]he burden then shifts to the defendant to explain the actions or to rebut the plaintiff's allegations." *Bank of Leumi Trust Co.*, 892 F. Supp. at 483; *Monteleone v. Leverage Group*, No. 08-CV-1986, 2008 WL 4541124, at *9 (E.D.N.Y. Oct. 7, 2008) (noting defendants failed to put forth a legitimate motive for spending investors' money on personal matters rather than investing it as promised); *Mineola Ford Sales Ltd. v. Rapp*, 661 N.Y.S.2d 281, 371–72 (App. Div. 1997) (affirming order of attachment, noting defendant-employee failed to explain falsified business records and failed to explain what she had done with plaintiff-employer's money). However, before the burden will shift, a plaintiff must present evidence that shows <u>both</u> a disposition of property and fraudulent intent on the part of the defendant. *See Bank of Leumi Trust*, 892 F. Supp. at 483 (collecting cases).

As discussed above, Plaintiff has not presented sufficient evidence to establish that Movants have acted with intent to defraud creditors. *See De Ping Song*, 2011 WL 3846929 at *5–6. Assuming, however, that the facts presented were sufficient to establish a *prima facie* case of fraudulent intent, Defendants have presented explanations for the money transfers and the real estate sales. Aceco asserts that it had "numerous letters of credit" with China Citic Bank to finance the operations of Aceco. (Decl. of David Liu dated Mar. 29, 2014, annexed to Affirmation of Jonathan Gould in Supp. of Mot. to Vacate Order of Attachment ¶ 17.). Movants also assert that they listed their parcels of real property "for financial reasons." (Supp. Decl. of David Liu dated Apr. 30, 2014 ¶ 15.) Those explanations are supported by bank records which show numerous outgoing loan payments, and by the fact that China Citic Bank has a secured interest in Aceco's bank accounts. Given the evidence, "[i]t appears . . . that [Defendants'] lack of funds is simply the product of poor business decisions or perhaps bad luck," and not necessarily of any intent to defraud creditors. (*See* R&R 8.)

13

**III. Conclusion**

Having considered Judge Pohorelsky's Report & Recommendation and Plaintiff's objections, the Court adopts the Report & Recommendation in its entirety. The Court grants Movants' motion to vacate the Attachment Order.

SO ORDERED:

_____s/MKB_____
MARGO K. BRODIE
United States District Judge

Dated: November 7, 2014
      Brooklyn, New York